IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,803-01






EX PARTE KAYLA MOODY HARRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08503A IN THE 90TH DISTRICT COURT


FROM YOUNG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacturing
a controlled substance and sentenced to forty-seven years' imprisonment. The Second Court of
Appeals affirmed her conviction. Harris v. Texas, 02-04-00202-CR (Tex. App.-Ft. Worth, delivered
August 4, 2005). 

 Applicant contends that her trial counsel rendered ineffective assistance by failing to call
Jimmy Clayton as a witness for Applicant. Applicant states that Clayton was available and would
have testified that he was responsible for the manufacturing of the methamphetamine and that
Applicant knew nothing of the situation.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Applicant's trial counsel interviewed Jimmy
Clayton and investigated the possibility of calling him as a witness. The trial court shall make findings
as to why counsel failed to call Clayton as a witness for the defense. The trial court shall make
findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 22, 2007

Do not publish